IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-851-GPG-SP

ELIZA LUCERO

Plaintiff,

v.

CITY OF AURORA;

ANDREW SILBERMAN, Aurora Police Department Detective, in his individual capacity;

Defendants.

---

**RESPONSE TO DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER FROM UNDUE BURDEN AND EXPENSE AND REQUEST FOR FORTHWITH RULING**

---

Ms. Lucero, through her counsel, Adam Frank and Cameron Bedard of the Frank Law Office LLC, hereby submits her response to Defendants' Joint Motion for Protective Order From Undue Burden and Expense:

**INTRODUCTION**

The Court should immediately deny Defendants' motion, which represents a blatant attempt to circumvent both the Local Rules of the District of Colorado and this Court's Practice Standards, in an effort to engineer an immediate and complete stay of discovery despite the District of Colorado having amended its Local Rules to make clear that Defendants are not entitled to such a stay. The Court should enter its ruling on Defendants' motion forthwith, as delaying a ruling on Defendants' motion will effectively grant Defendants the relief they seek but to which they are not entitled. Pursuant to Fed. R. Civ. P. 26(c)(2)-(3) and 37(a)(5) the Court should further order Defendants to pay Ms. Lucero's attorney fees incurred in responding to Defendants' motion.

1

## RELEVANT FACTS

Prior to December 1, 2021, Local Rule 30.2(a) read as follows:

> Motion for Protective Order or to Limit Examination. Pending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c) or 30(d), the discovery to which the motion or request is directed shall be stayed unless otherwise ordered. A non-prevailing party may be subject to an award of expenses, fees, and costs under Fed. R. Civ. P. 37(a)(5).

D.C.COLO.LCivR 30.2(a) (2021), (redline version showing changes made on Dec. 1. 2021 available at http://www.cod.uscourts.gov/Portals/0/Documents/LocalRules/2021_Final_Local_Rules_Redline.pdf?ver=2022-02-16-135201-523). Under this prior version of the local rule, it was common practice for defense attorneys in civil rights cases brought under 42 U.S.C. § 1983 to file a motion to dismiss asserting qualified immunity, to at the same time file a motion seeking a stay of discovery, and to then take the position that, based on Local Rule 30.2(a), the filing of the motion to stay discovery effectuated an immediate stay of the contested discovery, which was all discovery. As a result of this practice and the debatable language of the then-existing local rule, Defendants in civil rights cases were able to create an automatic stay of all discovery without any ruling from the Court.

On December 1, 2021, the District of Colorado amended Local Rule 30.2(a) to read as follows (added language underlined):

> Motion for Protective Order or to Limit Examination. Pending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c) or 30(d), the discovery to which the motion or request is directed shall be stayed unless otherwise ordered. A non-prevailing party may be subject to an award of expenses, fees, and costs under Fed. R. Civ. P. 37(a)(5). <u>However, the filing of a motion to stay all discovery shall not effectuate a stay unless the motion is granted.</u>

D.C.COLO.LCivR 30.2(a) (2021), (redline version showing changes made on Dec. 1. 2021 available at http://www.cod.uscourts.gov/Portals/0/Documents/LocalRules/2021_Final_Local_Rules_Redline.pdf?ver=2022-02-16-135201-523). Contemporaneously with the release of the amended

rule, the District of Colorado published an explanation of the rationale for the change in the rule and an explanation of the meaning of the changed rule:

| D.C.COLO.LCivR 30.2 FILING MOTION FOR PROTECTIVE ORDER, MOTION TO LIMIT EXAMINATION, OR OBJECTION TO DISCOVERY ORDER | The first sentence of Local Rule 30.2(a) – "Pending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c) or 30(d)" has caused some confusion – this local rule was never intended to permit a broad automatic stay of all discovery with the filing of an opposed motion for protective order. Instead, LCivR 30.2(a) was meant to allow a party to freeze a specified discovery action until the court issues a ruling. | (a) **Motion for Protective Order or to Limit Examination.** Pending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c) or 30(d), the discovery to which the motion or request is directed shall be stayed unless otherwise ordered. A non-prevailing party may be subject to an award of expenses, fees, and costs under Fed. R. Civ. P. 37(a)(5). However, the filing of a motion to stay all discovery shall not effectuate a stay unless the motion is granted.<br><br>[LCivR 30.2(a) is clarified to continue to permit freezing of certain disputed discovery actions only on the filing of a motion for protective order as to such specific disputed actions, but not to allow the freezing of *all* discovery unless and until a *broad* motion to stay all discovery is filed and is granted by the court.] | Fed. R. Civ. P. 26 - Duty to Disclose; General Provisions Governing Discovery (c) Protective Orders. |
|---|---|---|---|

U.S. District Court, District of Colorado, *Summary of Local and Federal Rule Changes – Effective December 1, 2021 – Additional Clarification Feb 2, 2022*, at 5, http://www.cod.uscourts.gov/Portals/0/Documents/LocalRules/2021_Summary_Local_Rules_Changes.pdf?ver=2022-02-16-135155-983.

As both the text of the changed rule and the District of Colorado's explanation establish, under the present version of Local Rule 30.2(a), a motion to stay all discovery does not create an automatic stay of discovery during the period of time between when the motion is filed and when the court rules. *Id.* This applies regardless of whether the motion is styled as a motion to stay discovery or a motion for a protective order under Fed. R. Civ. P. 26(c). *Id.* Furthermore, the District of Colorado's explanation for the rule change made clear that, even under the prior version of Local Rule 30.2(a), a motion to stay all discovery was *never* intended to effectuate a stay of all discovery until the motion received a ruling. *Id.*

In the present case, on July 11, 2023, Ms. Lucero filed her operative Amended Complaint and Jury Demand. ECF 23. Also on July 11, 2023, the parties held their Rule 26(f) meeting. ECF 35, at 6. By agreement of the parties, the parties' Rule 26(a)(1) disclosures are due on August 4, 2023, barring an order from the Court entering a stay of discovery. *Id.* On July 19, 2023, Ms. Lucero

3

served Defendants with an initial set of discovery requests. ECF 38-1. Defendants' responses to these discovery requests are currently due August 18, 2023.

On July 24, 2023, each Defendant filed a motion to dismiss Ms. Lucero's Amended Complaint and Jury Demand. ECF 31, 34. On July 25, 2023, Defendants filed an opposed joint motion to stay all discovery. ECF 36. Ms. Lucero's response to these motions are not due until August 14 and 15, 2023, respectively. The Court has not entered an order staying discovery and did not refer any of these motions to the Magistrate Judge. As a result, discovery is presently proceeding.

On July 31, 2023, Defendants filed the motion to which this response applies, Defendants' Joint Motion for Protective Order From Undue Burden and Expense. ECF 38. Based on Defendants' confusing choice to file ECF 38, which other than its title is duplicative of ECF 36, undersigned counsel suspected that Defendants were taking the position that under Local Rule 30.2(a), while ECF 36 did not trigger a stay of all discovery, ECF 38 did. Undersigned counsel emailed counsel for Defendants expressing that under Local Rule 30.2(a), because ECF 38 sought a complete stay of discovery, its filing did not cause a stay of any discovery. Counsel for defendants replied that their position was that it did. Exhibit 1, emails re: effect of ECF 38. Counsel for Defendants' email confirmed what undersigned counsel suspected: Defendants filed ECF 38 so as to be able to claim that its filing effects a complete stay of discovery and intend to operate as if such a stay is presently in effect.

## ARGUMENT

Defendants' motion represents an improper attempt to circumvent this District's Local Rules and this Court's mandatory discovery dispute resolution procedures. The Court should forthwith deny Defendants' and award Ms. Lucero attorney fees for the time her counsel has been forced to expend responding to Defendants' misguided motion.

4

Under the plain language of Local Rule 30.2(a) and the District of Colorado's explanation for the 2021 change to the rule, the filing of a motion to stay all discovery does not effectuate such a stay by its filing. ECF 38 seeks a stay of all discovery. It is therefore governed by Local Rule 30.2(a), and discovery is not stayed. ECF 38 is not based on a dispute related to a particular discovery request, but instead is based on an argument Defendants have already made in ECF 36 that discovery as a whole should not proceed at present. Under Local Rule 30.2(a) as well as the District of Colorado's explanation of that rule cited above, such a motion does not effect a stay of discovery.

To enforce this District's Local Rules, the Court should immediately deny Defendants' motion, ECF 38. Disregarding the plain text of Local Rule 30.2(a) and the District's explanation of it, Defendants have expressed their intention to not produce their initial disclosures on August 4, 2023 or answers to Ms. Lucero's discovery requests on August 18, 2023 based on their filing of ECF 38. Only a forthwith denial of Defendants' motion will make clear that discovery is proceeding. A forthwith ruling will also prevent what will otherwise be an inevitable dispute before the Court when, if this motion is still pending, Defendants do not provide Rule 26(a)(1) disclosures and discovery responses by the applicable deadlines. Furthermore, if the Court does not enter a forthwith ruling as Plaintiff requests, Defendants' attempt to circumvent Local Rule 30.2(a) will succeed. The Court should not permit this.

The requested forthwith denial will not prejudice Defendants on the merits of Defendants' arguments. The merits of Defendants' arguments for a stay will be heard in the briefing of ECF 36 and will receive a considered ruling from the Court. A forthwith denial would only be a rejection of Defendants' attempt to circumvent Local Rule 30.2(a). Such a ruling would be eminently proper.

In addition to denying Defendants' motion forthwith, the Court should also award Ms. Lucero attorney fees for her counsel's time spent preparing this Response. Under Fed. R. Civ. P. 26(c)(2)-(3) and 37(a)(5), "If a motion for protective order is wholly or partially denied, the court

5

may, on just terms,' order that the party provide discovery, and may order payment of fees and expenses under the provisions of Rule 37(a)(5)." *Crew Tile Distribution, Inc. v. Porcelanosa L.A., Inc.*, No. 13-cv-3206-WJM-KMT, 2015 U.S. Dist. LEXIS 128555, at *3 (D. Colo. Sep. 24, 2015) (quoting Fed. R. Civ. P. 26(c)(2)).

Here, not only have Defendants filed a meritless motion that seeks to circumvent the plain language of Local Rule 30.2(a), they have done so without following this Court's mandatory discovery dispute resolution procedures. This Court's mandatory discovery dispute resolution procedures exist "to avoid unnecessary and expensive motion practice." J. Prose Civ. Practice Standard IV.A. Rather than follow them and resolve this issue with a quick call to the Court, Defendants chose to file ECF 38 without following this Court's procedures.

Ms. Lucero suspects that Defendants did so because a prompt resolution of Defendants' motion would have defeated Defendants' actual purpose: having a facially plausible reason not to produce their Rule 26(a)(1) disclosures on August 4, 2023 or their responses to Ms. Lucero's discovery requests on August 18, 2023. Defendants should be held accountable for their choice to explicitly disregard this Court's rules designed to control the costs of discovery and to impose a significant cost in time on counsel for Ms. Lucero in service of attaining a delay in discovery not provided for by any applicable rule.

This Court's Civil Practice Standards lay out a clear and straightforward set of requirements for the rapid and inexpensive resolution of a discovery dispute. Defendants disregarded every mandatory step. Under this Court's Civil Practice Standards related to the resolution of discovery disputes, Defendants were first required to confer either in person or by phone about the dispute. J. Prose Civ. Practice Standard IV.B.1. They did not. If the parties were not able to resolve the dispute in the required meeting, the parties were then required to jointly call or email chambers to arrange for a discovery hearing. J. Prose Civ. Practice Standard IV.B.2. Defendants did not attempt to set up

6

a time with Plaintiff to do so. The third and fourth steps of this Court's Civil Practice Standards for discovery disputes address how the discovery dispute should be presented to the Court at the discovery hearing set under Step 2 of this Court's discovery dispute resolution process. J. Prose Civ. Practice Standard IV.B.3-4. As Defendants never sought to set a discovery dispute hearing, they also never sought to comply with Steps 3 and 4 of this Court's discovery dispute resolution process.

In sum, Defendants wholly disregarded this Court's mandatory procedures designed to minimize the cost and intrusiveness of discovery disputes. They did so in an effort to secure a stay of discovery to which they are not entitled under Local Rule 30.2(a). When undersigned counsel pointed out to them that ECF 38 would not cause Defendants' desired stay, Defendants' counsel stated an intention to act otherwise. Exhibit 1. Defendants' intentional cost-increasing conduct, explicitly designed to evade this Court's rules, and done in violation of this Court's practice standards, is appropriately met with sanctions.

Undersigned counsel has spent 2.7 hours drafting this Response. Undersigned counsel's hourly rate is $400 per hour.

Wherefore, Ms. Lucero respectfully requests that this Honorable Court deny Defendants' motion forthwith and award Ms. Lucero her costs and attorney fees incurred in responding to this motion, which total $1,080.

Dated: August 2, 2023

*/s Adam Frank*
Adam Frank
Cameron Bedard
Frank Law Office LLC
1133 N Pennsylvania St.
Denver, CO 80203

7

Phone: (303) 800-8222
Fax: (303) 800-9122
adam@franklawoffice.com
cameron@franklawoffice.com
*Attorneys for Ms. Lucero*

Case No. 1:23-cv-00851-SKC-SBP   Document 40   filed 08/02/23   USDC Colorado   pg 8 of 9

**Certificate of Service**

   I hereby certify that on August 2, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to:

Eric M. Ziporin, eziporin@sgrllc.com
Jonathan N. Eddy, jeddy@sgrllc.com
Peter Morales, pmorales@auroragov.org
Gillian Fahlsing, gfahlsin@auroragov.org
Hollie Birkholz, hbirkhol@auroragov.org


*/s Adam Frank*
Adam Frank
Frank Law Office LLC